Filed 4/25/22  P. v. Faulalo CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094142 |
| Plaintiff and Respondent, | (Super. Ct. No. 04F02695) |
| v. | |
| LANGIMA'A FAULALO, | |
| Defendant and Appellant. | |

Defendant Langima'a Faulalo challenges the trial court's denial of his petition for resentencing under Penal Code section 1170.95 (statutory section citations that follow are to the Penal Code) based on changes made to the felony-murder rule by Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437).  Defendant contends the trial court erred in relying on the jury's special circumstance finding to deny his petition.  We affirm the judgment.

1

## FACTS AND HISTORY OF THE PROCEEDINGS

We have granted defendant's motion for judicial notice of our prior decision in his direct appeal. (Evid. Code, § 452, subd. (d).)

On March 10, 2004, defendant participated in a home invasion robbery with three others. (*People v. Faulalo* (Nov. 17, 2008, C055080) [nonpub. opn.] (*Faulalo*).) During the robbery, one of the assailants shot and killed Danny Johnson. (*Ibid.*) The jury convicted defendant of first degree murder and robbery along with finding true several sentence enhancement allegations, including the special circumstance that the murder was committed in the commission of a robbery under section 190.2, subdivision (a)(17).

Defendant was sentenced to life without the possibility of parole plus 10 years for a firearm enhancement. Defendant appealed his convictions and we modified a fee imposed but otherwise affirmed the judgment. (*Faulalo, supra*, C055080.)

On April 26, 2019, defendant filed a form petition for resentencing pursuant to section 1170.95. On the form, he checked various boxes stating that a complaint was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine, that at trial he was convicted of first or second degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine, and that he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019. Defendant also checked the boxes stating that he was not the actual killer, did not aid or abet the killing with the intent to kill, and that he was not a major participant in the felony or that he acted with reckless indifference to human life. The prosecutor filed a response and motion to dismiss and defense counsel filed an opposition. Defendant attached the jury instructions and signed verdict forms to his brief, including the special circumstance jury instruction.

On April 19, 2021, the trial court filed a written order denying the petition without prejudice, allowing him to refile the petition if he in the future obtains relief through a habeas corpus petition. The court explained that defendant is ineligible because, though he was found guilty on a felony murder theory, the jury found true the special circumstance, so it necessarily found defendant was the actual killer, had the intent to kill, or was a major participant who acted with reckless indifference to human life. It also concluded defendant could not challenge this finding under the recent California Supreme Court cases *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522 through a section 1170.95 petition, but instead must first seek relief through a habeas corpus petition.

## DISCUSSION

Defendant argues that the trial court erred in concluding the special circumstance finding rendered defendant ineligible as a matter of law because that finding was made before *Banks* and *Clark*. He argues that, because the California Supreme Court altered the analysis for determining when a defendant is a major participant who acted with reckless indifference to human life, he is not ineligible as a matter of law. Further, he contends he can seek reversal of the special circumstance finding under *Banks* and *Clark* through a section 1170.95 petition.

I

*Senate Bill 1437 and Special Circumstance Finding*

Senate Bill 1437 was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice (§ 188, as

3

amended by Stats. 2018, ch. 1015, § 2), and by amending section 189 to state that a person can be liable for felony murder only if (1) the "person was the actual killer"; (2) the person, with an intent to kill, was an aider or abettor in the commission of murder in the first degree; or (3) the "person was a major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3.)

Senate Bill 1437 also added section 1170.95 to provide the resentencing petition process for a "person convicted of felony murder or murder under a natural and probable consequences theory . . . ." (§ 1170.95, subd. (a).) After a defendant submits a petition and the court performs an initial review for missing information, subdivision (c) of section 1170.95 provides: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

In performing this preliminary screening function, trial courts are not limited to the allegations of the petition; rather, they may "rely on the record of conviction in determining whether that single prima facie showing is made." (*People v. Lewis* (2021) 11 Cal.5th 952, 970.) If the record of conviction establishes the petition lacks merit, the trial court may deny the petition without conducting further proceedings. (*Id.* at p. 971 ["The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless"].)

Section 190.2, subdivision (d) provides that, for the purposes of those special circumstances based on the enumerated felonies in paragraph (17) of subdivision (a), which include robbery, an aider and abettor must have been a "major participant" and have acted "with reckless indifference to human life." (§ 190.2, subd. (d); *Tapia v. Superior Court* (1991) 53 Cal.3d 282, 298.) Thus, on its face, a special circumstance finding satisfies the requirements for accomplice murder liability even after Senate Bill 1437. (§ 189, subd. (e).)

That is the case here. As confirmed by the jury instructions and jury verdict forms, the jury at defendant's trial necessarily found that defendant was at a minimum a major participant who acted with reckless indifference to human life. This means he could still be found guilty of felony murder even after Senate Bill 1437, rendering him ineligible for resentencing as a matter of law. And as the instructions and verdicts are part of the record of conviction, the trial court could properly rely on these to deny defendant's section 1170.95 petition.

II

*Special Circumstance finding after* Banks *and* Clark

Since defendant's conviction, the Supreme Court has refined the analysis for who qualifies as a major participant acting with reckless indifference to human life in *Banks* and *Clark* and "construed section 190.2, subdivision (d) in a significantly different, and narrower manner than courts had previously construed the statute." (*People v. Torres* (2020) 46 Cal.App.5th 1168, 1179, review granted June 24, 2020, S262011, abrog. on another ground by *People v. Lewis, supra*, 11 Cal.5th at p. 963.) In some cases, defendants convicted prior to *Banks* and *Clark* have subsequently had their special circumstance findings reversed for insufficient evidence under the modified analysis through habeas corpus petitions. (See *In re Scoggins* (2020) 9 Cal.5th 667, 683.) A reversal of a special circumstance finding can qualify a defendant for resentencing under

5

Senate Bill 1437 through section 1170.95. (See *People v. Ramirez* (2019) 41 Cal.App.5th 923 [where appellate court had previously determined on a habeas petition that the defendant was not a major participant in the underlying felony and did not act with reckless indifference to human life, the trial court was required to vacate the defendant's murder conviction and resentence him under § 1170.95].)

But challenging a special circumstance finding under the *Banks*/*Clark* analysis is reserved for a habeas petition. There is a split of authority on this issue and whether a defendant with a special circumstance finding must first seek relief under *Banks*/*Clark* through a habeas petition before filing a section 1170.95 petition. (See *People v. Gomez* (2020) 52 Cal.App.5th 1, 17 [defendants seeking relief on the basis of *Banks*/*Clark* must do so through habeas corpus], review granted Oct. 14, 2020, S264033 (*Gomez*); *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1142-1143 [same], review granted Oct. 14, 2020, S264284; *People v. York* (2020) 54 Cal.App.5th 250, 260 ["We part ways with *Galvan* and *Gomez* because we do not agree that section 1170.95 requires a defendant to challenge a pre-*Banks* and *Clark* special circumstance finding in a habeas corpus proceeding before he or she may successfully challenge the underlying murder conviction in a section 1170.95 proceeding"], review granted Nov. 18, 2020, S264954 (*York*).)

Defendant recognizes the cases that disagree with his position but asks us to follow contrary case law that instead finds a *Banks*/*Clark* challenge can be brought in a section 1170.95 petition. We will not do so.

We instead agree with those authorities finding section 1170.95 is not the appropriate avenue to challenge a special circumstance finding under *Banks* and *Clark*. (See *Gomez, supra*, 52 Cal.App.5th at p. 17, review granted; *People v. Galvan, supra,* 52 Cal.App.5th at pp. 1142-1143, review granted; *People v. Allison* (2020) 55 Cal.App.5th 449, 458-462; *People v. Jones* (2020) 56 Cal.App.5th 474, 491-492, review granted Jan. 27, 2021, S265854.)

6

The purpose of section 1170.95 is to permit resentencing for individuals who could not now be convicted under sections 188 and 189 *because of* Senate Bill 1437. (Stats. 2018, ch. 1015 ["This bill would provide a means of vacating the conviction and resentencing a defendant" where "the defendant could not be charged with murder after the enactment of this bill"].) One of the three initial conditions for section 1170.95 to apply is "[t]he petitioner could not be convicted of first or second degree murder *because of changes to Section 188 or 189* made effective January 1, 2019." (§ 1170.95, subd. (a)(3), italics added.) Defendants who are potentially eligible for relief because of the modified special circumstances analysis do not satisfy this initial hurdle because they would have been able to seek relief via a habeas petition regardless of Senate Bill 1437. (See *In re Miller* (2017) 14 Cal.App.5th 960, 976-977, 980 [granting a habeas corpus petition before passage of Sen. Bill 1437 after finding insufficient evidence supported special circumstance finding under *Banks* and *Clark*].)

Permitting a *Banks*/*Clark* review by way of a section 1170.95 petition also would shift the burden from the defendant under a substantial evidence review (as in a habeas petition challenging the sufficiency of the evidence) to the prosecutor under a beyond-a-reasonable-doubt standard (as in a section 1170.95 hearing). (See *Gomez, supra*, 52 Cal.App.5th at p. 17, review granted.)

Further, there is an indication in the statutory text that the Legislature assumed a defendant first would seek relief in a habeas petition. Section 1170.95, subdivision (d)(2) provides in pertinent part: "If there was a prior finding by a court or jury that the petitioner did not act with reckless indifference to human life or was not a major participant in the felony, the court shall vacate the petitioner's conviction and resentence the petitioner." This provision requires trial courts to grant a section 1170.95 petition if a court has reversed a special circumstance finding under *Banks* and *Clark*. (*People v. Ramirez, supra*, 41 Cal.App.5th at p. 933.)

7

Defendant relies on *York, supra*, 54 Cal.App.5th 250, which found the defendant may bring a *Banks*/*Clark* challenge through a section 1170.95 petition. The *York* court reasoned that because the statute does not include a counterpart to subdivision (d)(2) accounting for a situation where there is a prior finding that a petitioner *did* act with reckless indifference to human life and was a major participant in the underlying felony, such a finding should not preclude a petitioner from relief. (*York*, at pp. 260-261, review granted.) But this reasoning ignores that sections 188 and 189 after Senate Bill 1437 maintain liability for murder for those who were major participants who acted with reckless indifference to human life. This situation is therefore accounted for in section 1170.95 because petitioners who had been found to have acted in such a manner would not satisfy the requirement for eligibility that they "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(3).) This is defendant's circumstance.

The *York* court also analyzed the "because of" Senate Bill 1437 provision, finding that "even a petitioner who successfully challenged a special circumstance finding after *Banks* and *Clark*, but before Senate Bill 1437 became effective, remained convicted of murder. [Citation.] It took the changes wrought by Senate Bill 1437 to permit the challenge to the murder conviction itself." (*York, supra*, 54 Cal.App.5th at p. 261, review granted.)

This analysis only confirms our conclusion. For defendants with a special circumstance finding before *Banks* and *Clark*, there is an initial step before being eligible for relief—invalidation of the special circumstance finding. Such invalidation, and eventual eligibility, would not occur *because of* Senate Bill 1437, but because of habeas relief under the Supreme Court's analysis in *Banks* and *Clark*, or some other invalidating mechanism outside of Senate Bill 1437. Without this first step, there is a valid finding that the defendant was a major participant who acted with reckless indifference to human life, and even after Senate Bill 1437, this finding can justify a murder conviction.

This understanding also belies the "middle ground" approach recently developed by some other courts that conclude: "[W]here a petitioner facing a felony-murder special-circumstance finding has never been afforded a *Banks* and *Clark* sufficiency-of-the-evidence review—by any court, at the trial or appellate level—section 1170.95 courts have an obligation to undertake such an analysis at the prima facie entitlement-to-relief stage of a resentencing proceeding under subdivision (c) of the statute." (*People v. Secrease* (2021) 63 Cal.App.5th 231, 247, 255, review granted June 30, 2021, S268862; *People v. Pineda* (2021) 66 Cal.App.5th 792, 801, review granted Sept. 29, 2021, S270513.)

This process unnaturally grafts habeas-like relief onto section 1170.95 unsupported by any statutory language and runs counter to the purpose of the provision - to provide relief for those eligible for resentencing because of legislative changes to the murder statutes, not judicial interpretations to the special circumstance analysis. We must assume the Legislature was aware of *Banks* and *Clark* when it passed Senate Bill 1437. (*People v. Harrison* (1989) 48 Cal.3d 321, 329 ["The Legislature, of course, is deemed to be aware of statutes and judicial decisions already in existence, and to have enacted or amended a statute in light thereof"].) Yet it made no mention in the statute of performing a "sufficiency-of-the-evidence review" for a special circumstance finding to address *Banks* and *Clark*. We refuse to bend the statutory language to support such an interpretation.

We conclude, therefore, a section 1170.95 petition is not the proper avenue to challenge a special circumstance finding. And since defendant's special circumstance finding was not previously overturned through a habeas corpus proceeding, the trial court here properly denied defendant's section 1170.95 petition.

9

## III

### *Senate Bill 775*

Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2) modified section 1170.95 after briefing in this case. After ordering and receiving supplemental briefing from the parties on Senate Bill No. 775, we find it does not affect the outcome of this case because the changes do not address a special circumstance finding or the *Banks/Clark* issue. Section 1170.95, however, does now require a prima facie hearing on all petitions, and there does not appear to have been such a hearing in this matter. But even if there was not, any error would be harmless under any standard because a prima facie hearing could not change defendant's special circumstance finding and his ineligibility as a matter of law.

### DISPOSITION

The trial court's denial of defendant's section 1170.95 petition is affirmed.

_____
HULL, Acting P. J.

We concur:

_____
HOCH, J.

_____
KRAUSE, J.